ROTHENBERG, Judge.
The defendant, Shawn Smith, appeals the denial of his motion to correct an illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). The defendant’s sentence was imposed on December 17, 2002, after he was found guilty of attempted robbery, a third degree felony; fleeing or attempting to elude a law enforcement officer at a high rate of speed, a second degree felony; and leaving the scene of an accident involving injuries, a third degree felony. We affirm.
The defendant claims that the imposition of equal concurrent sentences as a habitual violent offender and as a prison releasee reoffender, violates section 775.082, Florida Statutes (1999), the Prison Releasee Reoffender Act. While we agree with this proposition, unfortunately for Mr. Smith, this principle and the case law upon which he relies,[1] do not assist him, as the record conclusively refutes his claim of equal concurrent sentencing.
*544 The defendant was sentenced pursuant to section 775.082(8) as a prison releasee reoffender to the maximum term provided by law, which was five years on each of the third degree felonies and fifteen years on the second degree felony. The defendant was sentenced pursuant to section 775.084(4), as a habitual violent offender to ten years with a five-year minimum mandatory on each third degree felony, and twenty years with a ten-year minimum mandatory as to the second degree felony. As the record clearly reflects, the punishments imposed are not equal under the sentencing schemes relied upon.
Affirmed.

. See Grant v. State, 770 So.2d 655 (Fla.2000); Martin v. State, 813 So.2d 1036 (Fla. 3d DCA *544 2002) (wherein the State conceded that the imposition of equal concurrent sentences as habitual offender and as a prison releasee reoffender was error); Watts v. State, 789 So.2d 547 (Fla. 3d DCA 2001).